**FEDERAL DISCTRICT COURT OF WASHINGTON**
**WESTERN DISTRICT AT TACOMA**

| | |
|---|---|
| J'ANDRE IVORY, an individual,<br><br>        Plaintiff,<br>vs.<br><br>CITY OF YELM, WASHINGTON, a political subdivision of the state of Washington, OFFICER ANTHONY R. SPARKUHL, a City of Yelm Police Officer, OFFICER BRIAN BARD, a City of Yelm Police Officer and DOES 1 through 5, inclusive,<br><br>        Defendants. | No. 3:22-cv-5335<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY**<br><br>**JURY DEMANDED** |

COMES NOW Plaintiff, J'Andre Ivory, by and through his attorney, Stephen J. Plowman, and states the following facts and claims against the named Defendants:

**I. PARTIES AND JURISDICTION**

1.1 J'Andre Ivory ("Ivory"), was at all relevant times, a single person of African American descent, residing at his personal residence within the City of Yelm, Thurston County, Washington. Ivory brings this action in his individual capacity. At all relevant times described

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY Page 1 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
EMAIL. SJPLOWMANLAW@GMAIL.COM

below, Ivory maintained a Washington Concealed Weapons Permit pursuant to RCW 9.41.070 and RCW 9.41.050.

1.2 Defendant, City of Yelm, Washington, is a political subdivision of the state of Washington that controls, operates and staffs the Yelm Police Department located at 206 McKenzie Avenue, Yelm, WA 98597.  All actions on the part of the individual Police Officers Anthony Sparkuhl and Brian Bard constitute state actions for purposes of Civil Rights Violations as described hereafter.

1.3 During all relevant times alleged hereafter, Defendant, City of Yelm or the Yelm Police Department employed, trained and supervised Officers Anthony Sparkuhl and Brian Bard.

1.4 Officer Anthony Sparkuhl ("Sparkuhl") was and remains and police officer with the Yelm Police Department.  All of the actions described hereafter which occurred on May 13, 2020 were performed by Officer Sparkuhl in the course of his official duties as a police officer for the City of Yelm.  Alternatively, on May 13, 2019, Offer Sparkuhl acted outside his duties as a police officer representing the City of Yelm and outside the supervision and control of the City of Yelm Police Department at all relevant times mentioned hereafter.

1.5 Officer Brian Bard ("Bard") was and remains and police officer with the Yelm Police Department.  All of the actions described hereafter which occurred on May 13, 2020 were performed by Officer Bard in the course of his official duties as a police officer for the City of Yelm.  Alternatively, on May 13, 2019, Offer Bard acted outside his duties as a police officer representing the City of Yelm and outside the supervision and control of the City of Yelm Police Department at all relevant times mentioned hereafter.

1.6 Does I through V are individuals who identities are not known at the time of filing of the Complaint who may bear liability with respect to Plaintiff's claims as alleged hereafter.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY     Page 2 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

1.7   Subject matter jurisdiction is appropriate in the federal courts premised upon the civil rights violations being asserted under 42 U.S.C. §1983.

## II. BACKGROUND

2.1   This matter arises out of J'Andre Ivory's encounter with the City of Yelm Police Department and on or about May 13, 2020 during the arrest and apprehension of Ivory at his personal residence located in the City of Yelm, Washington by Officers Sparkuhl and Bard.

2.2   On May 13, 2020, J'Andre Ivory left his work at LabCorp (where he worked as a driver for test collection and dissemination) located on Lilly Road, Lacey, Washington at midnight. Ivory's work at LabCorp followed his second job at LifeForce Services, Inc. (adults with disabilities) which he worked previous to the LabCorp job. Ivory drove his own vehicle, a 2004 Ford Explorer from Lacey to Yelm by way of State Route 510 after working his two jobs.

2.3   SR 510 was quite dark and partially foggy and Ivory turned on his bright lights to safely navigate home. At no time did Ivory exceed the speed limit or drive in an unsafe manner. SR 510 becomes W Yelm Avenue in the City of Yelm. The speed limit reduces from 50 mph to 25 mph in increments from the west to east approach.

2.4   On May 13, 2020, Ivory, while traveling eastbound in Yelm towards his home, noticed a vehicle pass him westbound. In the area of the McDonalds, Ivory noted the police vehicle behind him with emergency lights but did not believe he was the subject of any police action as he was obeying the speed limit. After two blocks, Ivory could see that the police vehicle was still behind him and became very concerned for his safety because, to his knowledge, he had not violated any traffic law, it was a very dark night and Ivory is African American. At this point, Ivory noted the police siren.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY   Page 3 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email. sjplowmanlaw@gmail.com

2.5    Ivory turned left onto Edwards Street NW approximately two blocks from his home. Ivory did not speed and because of his fear of a potential conflict or harm from police. Ivory proceeded slowly to his home on Stevens Street NW where neighbors would be able to see and witness his police encounter. Ivory pulled into his driveway and turned off his car. Ivory noted a second police vehicle with emergency lights and siren activated.

2.6    Officer Sparkuhl followed Ivory into Ivory's driveway followed by the police vehicle operated by Officer Bard. Both police vehicles positioned behind Ivory's vehicle with bright spot lights pointed at Ivory. At this point, Officers were shouting conflicting instructions for Ivory to put his hands outside the driver's side window and to exit Ivory's vehicle. To comply with the Yelm Officers' commands, Ivory had to roll down the driver's side window and placed his hands outside, visible to police officers.

2.7    Ivory tried to explain that he could not exit the vehicle because his hands were outside the window and he was unable to open the door without his hands. Ivory's explanation antagonized police officers who then threatened to shoot and kill Ivory if he did not comply. At this point, Ivory believed Yelm Police Officers had multiple firearms pointed to Ivory.

2.8    The shouting and yelling commands continued. Ivory informed police officers that he had a Concealed Carry Permit and there were handguns in his car. Ivory continued to tell Yelm Police Officers that their instructions did not make sense. Ivory had to unlatch his seatbelt and door and then push open the door using his hands. Ivory did not want to withdraw his hands for fear of being shot. Officers repeated that if Ivory did not comply, he would be tased and shot. These statements were shouted with extreme intensity several times. Ivory responded and asked if Officers were going to shoot him. Ivory feared for his life because of the degree of harshness of these conflicting commands.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY    Page 4 of 11

Stephen J. Plowman  WSBA No. 21823
8048 NE 8th Street
Medina, Washington 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

2.9     Finally, one of the officers managed to convince the other Officer to allow Ivory to exit the car using his hands.  Ivory complied.  Officers then ordered Ivory to step away from his vehicle and lift his shirt.  Ivory complied. Ivory again informed Officers Bard and Sparkuhl that there were two handguns in his vehicle and he had a Concealed Weapons permit.

2.10    Yelm Police told Ivory to get on the ground.  Ivory did not immediately get on the ground and informed Police that they were at his house.  One of the Yelm Police Officers came from behind and grabbed Ivory and placed him in handcuffs.  Ivory explained that he was just coming home from work and showed Police his two identification badges from his two jobs and these jobs were deemed essential during the Covid-19 lock down.  Ivory then asked why he was being pulled over. Yelm Police Officers informed Ivory that he had his high beams on and that I was drinking or intoxicated. Ivory was not drunk nor had he been drinking.

2.11    One of the Officers continued in a very aggressive posture both physically and verbally that he (the Officer) had second amendment rights and belonged to a second amendment group and implied that he could "take action." Officers then placed Ivory in the police vehicle. Ivory asked the arresting officers to allow Ivory to communicate with the Lieutenant or Supervisor in charge. Ivory was informed that he (the arresting officer) was the acting Lieutenant and he was "in charge" of the streets tonight.

2.12    Deputy Joshua Crosby, from the Thurston County Sheriff's Office, came to the scene of the arrest of Ivory after Ivory had been placed in the Yelm Police vehicle.  The aggressive and abusive behavior of the Yelm Police Officers tempered dramatically.  Yelm Police debated amongst themselves what charges to bring against me but when Deputy Crosby intervened, the charges changed from high beam infraction and DUI to Failure to Stop and Negligent Driving 1st Degree.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY     Page 5 of 11

Stephen J. Plowman  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
Tel. (425) 233-0321
Email. sjplowmanlaw@gmail.com

2.13    Ultimately, Ivory was booked in jail and charged in the Yelm Municipal Court with Failure to Stop and Negligent Driving in the 1st Degree.  The charges were resolved by way of a Stipulated Order of Continuance filed in the Yelm Municipal Court, Cause No. XZ0422786.

### III.  FIRST CAUSE OF ACTION

(42 U.S.C. §1983 Violations Against City of Yelm, Officers Sparkuhl and Bard)

3.1    Plaintiff incorporates all prior allegation into this First Cause of Action.

3.2    In accordance with 42. U.S.C. §1983, Plaintiff asserts causes of actions premised upon the violations of Ivory's rights under the Fourth and Fourteenth Amendments not to be deprived of life, liberty, or property with the due process of law. With regard to Officers Sparkuhl and Bard, Plaintiff maintains the usage of excessive force with regard to the engagement, arrest, confinement and prosecution of Ivory for Failure to Stop and Negligent Driving in the 1st Degree.

3.3    With regard to City of Yelm's Police Department, Plaintiff asserts a pattern and practice of the same or similar civil rights violations perpetrated by officers within the City of Yelm and ratified by supervising officers.

3.4    City of Yelm Police Department, its supervisors, training staff and chain of command were negligent and grossly negligent in their supervision, monitoring, training and governance of Officers Sparkuhl and Bard in matters involving race, arrest procedures, traffic stops, non-criminal traffic infractions and police procedures for the arrest of persons accused of traffic infractions.   Through such lack of supervision, training or monitoring to prevent the unnecessary excessive force, threats of shooting and killing, utilized to subdue and arrest Ivory,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY      Page 6 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email.  sjplowmanlaw@gmail.com

who had surrendered without incident, resistance or challenge to Police Officers' authority and handcuff restraints.

3.5. As a direct and proximate result from Defendants' collective conduct, Ivory suffered arrest, emotional harm, damage to his reputation, physical pain and suffering.

3.6 Defendants are liable to Plaintiff in the amount of One Million Dollars for violating Ivory's civil rights for the damages, emotional harm and injuries as alleged above and judgment should be entered in favor of Plaintiff and against each Defendant, jointly and severally for all damages sustained by Plaintiff.

## IV.    SECOND CAUSE OF ACTION

(False Arrest as to Officers Sparkuhl and Bard)

4.1 Plaintiff references all prior allegations as though fully set forth in this Second Cause of Action.

4.2 At all relevant times mentioned above, Officers Sparkuhl and Bard were employed by and were dressed as City of Yelm Police Officers.

4.3 During their apprehension of Plaintiff, Ivory, Officers Sparkuhl and Bard identified themselves as Yelm Police Officers.

4.4 Officer Sparkuhl initially engaged Ivory for allegedly having failed to dim his bright lights when required, a non-criminal traffic infraction. Yelm Police Officers restrained Ivory, threatened Ivory with a taser and gun shots while Ivory showed his bare hands outside his vehicle's window as ordered by Police Officers.

4.5 Officers Sparkuhl and Bard unlawfully arrested and detained Ivory by placing him in handcuffs, locking him in the Police Vehicle and ultimately placing Ivory in the City of

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY   Page 7 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email. sjplowmanlaw@gmail.com

Yelm jail by physical force, threat of force, or conduct which reasonably implied the use of force against Ivory.

4.6     Plaintiff suffered damages and harm to his person and body as a proximate and direct result of Defendants' wrongful and false arrest in the form of physical and mental injury and severe emotional distress.

4.5     Plaintiff suffered physical, emotional and financial harm as a direct and proximate result of the Yelm Police Officer's conduct on May 13, 2020 in an amount to proven hereafter at Trial in an amount not less than $1,000,000.00.

## V.     THIRD CAUSE OF ACTION

(Negligence as to City of Yelm Police Department for Lack of Supervision,

Training and Oversight)

5.1     Plaintiff references all prior allegations as though fully set forth in this Third Cause of Action.

5.2     In its capacity as a political subdivision of the state of Washington, City of Yelm, through its Police Department, owed a duty to Plaintiff to supervise the conduct of its officers and employees regarding excessive and unwarranted force, racial matters, arrest procedures, non-criminal traffic stops and procedures. The City of Yelm had a duty to provide proper training to its officers and especially to newer officers on the force including a duty to provide City of Yelm Policy and Procedures regarding the use of force during an arrest once a suspect clearly manifests his willingness to surrender and demonstrates compliance, lack of weapons and willingness to surrender without violence.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY     Page 8 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email. sjplowmanlaw@gmail.com

5.3     The City of Yelm breached its duty to protect Plaintiff from excessive and unreasonable force, wrongful arrest, assault and battery and harm from Defendant, Sparkuhl and Bard by failing to supervise, oversee and train City of Yelm Police Officers.

5.4     Plaintiff suffered damages and harm to his person, emotions, mental state and body as proximate and direct result of City of Yelm's negligent failure to train and supervise its police officers concerning the incident which occurred May 13, 2020.

5.5     Plaintiff suffered physical, emotional and financial damages as a direct and proximate result of City of Yelm's failure to supervise and train its police officer's regarding Officers Bard and Sparkuhl's conduct on or about May 13, 2020 in an amount not less than $1,000,000.00 to be proven hereafter at Trial.

## VI.     FOURTH CAUSE OF ACTION

(Assault and Battery as to Defendants Sparkuhl and Bard)

6.1     Plaintiff references all prior allegations as though fully set forth in this Fourth Cause of Action.

6.2     The actions alleged above by Officers Sparkuhl and Bard constitute assault by threatening to use illegal, excessive and potentially lethal force by tasing and shooting Ivory while his bare hands were visibly positioned on the outside of the window of his vehicle under circumstances that did not warrant the use of any force whatsoever.

6.3     Officers Sparkuhl and Bard committed battery by striking or hitting Ivory, drawing pistols or assault rifle(s), pointing weapons at Ivory, restraining Ivory and placing Ivory forcibly into custody.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY     Page 9 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email. sjplowmanlaw@gmail.com

6.4    As a direct and proximate result of Defendants' assault and battery, Plaintiff suffered physical, emotional and financial damages on or after May 13, 2020 in an amount to be proven hereafter at Trial in an amount not less than $1,200,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, having set forth his causes of action herein against Defendants, prays for judgment against Defendants as follows:

1.    For a judgment, jointly and severally amongst all Defendants for their violation of Plaintiff's Civil Rights under 42 U.S.C. §1983, for general and special and punitive damages in amounts as shall be proven at trial;

2.    For a judgment, jointly and severally amongst Defendants City of Yelm and Officers Sparkuhl and Bard for False Arrest and Unlawful Imprisonment as to Officers Sparkuhl and Bard in amounts as shall be proven at trial, but not less than $1,000,000.00;

3.    For a judgment against City of Yelm by reason of its failure to supervise, oversee and train its officers in racial matters, arrest for non-criminal traffic matters, wrongful escalation of a routine traffic stop for general and special damages proximately resulting from Defendant's negligence in amounts as shall be proven at trial, but not less than 1,000,000.00;

4.    For a judgment, joint and several, against all Defendants for damages sustained by Plaintiff by reason of Defendants' assault and battery, for general and special damages proximately resulting from Defendant's assault and battery in amounts as shall be proven at trial, but not less than $1,200,000.00;

6.    For general, special and punitive damages, prejudgment interest and post judgment interest in amounts as shall be proven at trial including all taxable costs, reasonable

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY    Page 10 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email. sjplowmanlaw@gmail.com

attorney's fees in accordance with law, and otherwise, for Plaintiffs costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

7. **JURY DEMAND**. Plaintiff demands a jury trial under the rights conferred by Federal Rules of Civil Procedure Rule 38 and requests that all claims raised by Plaintiff be determined by an impartial jury

DATED this 11th day of May 2022.

*/s/Stephen J. Plowman*
Stephen J. Plowman, WSBA No. 21823
Representing Plaintiff, D'Andre Ivory
8048 NE 8th Street
Bellevue, WA  98004
Tel. (425) 233-0321
Email:  sjplowmanlaw@gmail.com

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FALSE ARREST, NEGLIGENCE, ASSAULT AND BATTERY     Page 11 of 11

STEPHEN J. PLOWMAN  WSBA No. 21823
8048 NE 8TH STREET
MEDINA, WASHINGTON 98039
TEL. (425) 233-0321
Email.  sjplowmanlaw@gmail.com